United States District Court
Southern District of Texas
**ENTERED**
February 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **G&G CLOSED CIRCUIT EVENTS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04700 |
| | § | |
| **AIB NC, LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Before the Court are Plaintiff G&G Closed Circuit Events, LLC ("G&G") and Defendants AIB NC, LLC and Adrian Borza's renewed cross Motions for Summary Judgment (ECF Nos. 34 & 35). The Court held a hearing on the motions on January 23, 2026. Because genuine material disputes of fact remain, the Court now **DENIES** both motions.

**A. Background**

Plaintiff is a broadcast licenser. Defendant AIB NC, LLC is the owner of Caballo Stop & Drive Thru. *See* ECF No. 24, Ex. B. Defendant Adrian Borza is the manager[1] of AIB NC, LLC. *Id*. According to Plaintiff, it was the exclusive domestic licensor of (among other programs) the December 19, 2020 Alvarez vs. Smith Championship Fight Program ("the Event") for commercial establishments in the United States, including the "undercard" fight between Frank Sanchez and Julian Fernandez. ECF No. 1 at ¶ 6-7.

---

[1] Plaintiff refers to Mr. Borza as the "sole member and/or manager" of AIB NC, LLC and supporting documents refer to Mr. Borza as the "manager." *See* ECF No. 26 at 5; ECF No. 24, Ex. B. Defendants have not objected to this characterization. Thus, the Court will adopt the parties' term.

Plaintiff alleges that its "auditor" observed the Sanchez/Fernandez fight being broadcast live to patrons of Defendants' business, Caballo Stop & Drive Thru. *See* ECF No. 24, Ex. A-2. Plaintiff further alleges that Defendant did not have authorization from Plaintiff to broadcast the Event and thus violated the Federal Communications Act, 47 U.S.C. § 605. ECF No. 1 at ¶ 10.

In its original Motion for Summary Judgment, Plaintiff presented the following evidence of Defendants' liability:

- Declaration of Thomas P. Riley, records custodian for the Law Office of Thomas P. Riley, attesting that Plaintiff had exclusive right to license the Event in question to commercial establishments in the United States, that Defendants did not obtain authorization from Plaintiff to broadcast the Event, and that the boxing match between Frank Sanchez and Julian Fernandez was part of the Alvarez vs. Smith Event to which Plaintiff had the exclusive commercial licensing rights. ECF No. 24, Ex. A.

- Master Services Agreement between Plaintiff and DAZN, Limited, licensor of DAZN boxing events. ECF No. 24, Ex. A-1.

- Affidavit of John C. Sieminski, stating that Mr. Sieminski entered Caballo Stop & Drive Thru, on the night of December 19, 2020, and observed multiple TVs broadcasting the Sanchez vs. Fernandez fight. ECF No. 24, Ex. A-2.

- The "Rate Card" for the Alvarez v. Smith Championship Fight. ECF No. 24, Ex. A-3.

- Documents from the Harris County Clerk's Office, the Texas Secretary of State's Office, the Office of the Texas State Comptroller, and a Sales Taxpayer Search

which purport to show that Defendant AIB NC, LLC conducts business as Caballo Stop & Drive Thru and that Defendant Adrian Borza is the sole manager and member of AIB NC, LLC ECF No. 24, Ex. B.

Defendants submit no independent evidence in either their original or their renewed Motions for Summary Judgment.

The Court denied Plaintiff's original Motion for Summary Judgment because Plaintiff had not shown the absence of a factual dispute with regard to whether Plaintiff has the exclusive right to license the Canelo v. Smith Boxing Event ("the Event"). *See* Minute Entry of September 9, 2025. Specifically, the Court noted that the Master Services Agreement ("MSA") and attached documents (collectively, "the Agreement") did not list the Event in question, despite listing other covered Boxing matches. The MSA also states that "[a]ny and all rights not expressly granted to Licensee under this Agreement are reserved by DAZN." ECF No. 24, Ex. 1-A at 15. The attached Statement of Work 3, which extended the MSA, states that "[s]hould DAZN schedule additional events, [Plaintiff] will prepare and provide DAZN additional rate card[s] for its review and approval." ECF No. 24, Ex. 1-A at 34. Plaintiff produced no evidence that it ever provided DAZN with the rate card for the Event in question or that DAZN approved the rate card. Plaintiff did produce a declaration from its lawyer and records custodian, Thomas P. Riley,[2] stating that the Agreement covered the Event in question, but Mr. Riley was not a signatory to the Agreement and Plaintiff gave the Court no evidence that Mr. Riley had personal knowledge of its contents. The Court therefore found a material dispute of fact as to whether Plaintiff had the exclusive right to license the Event.

---

[2] Mr. Riley does not represent Plaintiff in this case.

The Court held a pretrial conference on October 17, 2025, at which the parties agreed to vacate the trial date and attempt to resolve the case through renewed Motions for Summary Judgment. *See* Minute Entry of October 17, 2025. These Motions are now before the Court.

### B. Plaintiff's Renewed Motion for Summary Judgment

In its renewed Motion Plaintiff produces three additional pieces of evidence to support its contention that it had the exclusive right to license the Event:

- Declaration of Nicholas Gagliardi, President of Plaintiff G&G and signatory of the MSA and related documents on G&G's behalf, stating that the Event was intended to be covered by the MSA. EXF No. 33, Ex. 1.
- Email communications between Mr. Gagliardi and various representatives of DAZN and AT&T, discussing the programming for and broadcast of the Event in question. ECF No. 33, Ex. 1-A.
- A Wikipedia page for the Event, stating that the Canelo v. Alvarez fight was not announced until November 17, 2020. ECF No. 33, Ex. 1-B.

#### i. Defendants' Evidentiary Objections

At the outset, the Court agrees with Defendants that the Wikipedia page for the Canelo v. Smith boxing match is inadmissible. Even if it were considered, the Court does not believe it changes the outcome in this case, as the same information regarding the announcement date of the Event is included in Mr. Gagliardi's declaration.

Defendants raise several other evidentiary objections to Plaintiff's proffered evidence. First, Defendants argue that Mr. Gagliardi's declaration is inadmissible because (1) Mr. Gagliardi

was not disclosed as a witness during the discovery period and (2) the declaration contains inadmissible hearsay statements by unnamed representatives of DAZN. At the hearing, Defendants also raised an objection to any testimony regarding the contents of the Master Services Agreement on best evidence grounds. Defendants raise similar objections to the email exchanges submitted with Mr. Gagliardi's declaration. The Court finds that Plaintiff's new exhibits are admissible except as to certain portions of Mr. Gagliardi's declaration.

The Court declines to exclude the evidence provided in Plaintiff's Renewed Motion on the basis that it was not timely produced. Since the Court previously denied Plaintiff's Motion for Summary Judgment on the basis that a genuine dispute existed as to whether the Event in question was covered by the Agreement, it was predictable that Plaintiff would submit additional evidence on this point. Moreover, Defendants are not prejudiced by the additional evidence, given they were aware that Plaintiff's position was that the Event was covered by the Agreement.

As to hearsay, the Court agrees with Defendants that any statements in Mr. Gagliardi's declaration purporting to represent DAZN's understanding of the Master Services Agreement and attachments are inadmissible hearsay. However, Mr. Gagliardi's statements regarding his own understanding of the contract are admissible. Mr. Gagliardi was a signatory to the Master Services Agreement, and his understanding of its terms is not hearsay and clearly within his personal knowledge. The emails attached to the declaration are not hearsay. These emails are not provided for the truth of what they assert—various technical details pertaining to the Canelo v. Smith broadcast—but rather to demonstrate Plaintiff and DAZN's shared understanding that Plaintiff G&G had the exclusive right to license the Event.

On the best evidence exception to Mr. Gagliardi's declaration, the Court understands Mr. Gagliardi as attesting to his understanding of the terms of the Master Services Agreement and attachments, rather than as referencing other, additional writings that were not produced. Plaintiff has produced the Master Services Agreement. The best evidence rule is thus inapplicable.

### ii.     Whether Plaintiff is Entitled to Summary Judgment

Even considering Plaintiff's additional admissible evidence, the Court finds that Plaintiff has failed to show that there is no dispute of material fact as to Plaintiff's exclusive right to license the Event in question. While Mr. Gagliardi's declaration and emails certainly could suggest that Plaintiff in fact had the right to license the Event, a jury could reasonably conclude from Plaintiff's failure to produce any written documentation to this effect that specifically names the Event in question that it did not meet its burden on this point, particularly in light of the no oral modifications clause in the Master Services Agreement and the protocol for adding additional Events described in the Statement of Works 3.

Since this is an essential element of Plaintiff's claim, the Court need not address whether Plaintiff has met its summary judgment burden as to the other elements of its claim.

### C. Defendants' Renewed Motion for Summary Judgment

Defendants' Renewed Motion for Summary Judgment (ECF No. 34) argues that Defendants are entitled to complete summary judgment because (1) Plaintiff has failed to show it had the exclusive right to license the event, (2) Plaintiff has failed to show that Defendant showed the event at their establishment, (3) Plaintiff has failed to show that Defendants did not have authorization to show the event, and (4) Plaintiff has failed to show that Defendant Borza is individually liable.

The Court previously denied Defendant Borza's original Motion for Summary Judgment (ECF No. 23) because it found that a genuine dispute of material fact existed as to Mr. Borza's individual liability. *See* Minute Entry of September 9, 2025. It declines to reconsider its prior ruling on that issue. Defendants' argument that Plaintiff's evidence is insufficient as a matter of law to establish that Defendants' establishment showed the Event and that Defendant did not have authorization is similarly unavailing. The Court finds the declarations of Mr. Riley and Mr. Sieminski sufficient to establish a factual dispute as to whether Defendants showed the event at their establishment and whether Defendants had authorization to show the event. The Court overruled Defendant's objections to the admissibility of these declarations at the September 9 hearing.[3]

Defendant's argument as to Plaintiff's right to license the event presents a closer question, but the Court concludes that Plaintiff's evidence is sufficient to overcome summary judgment in Defendant's favor. While the Court agrees that Plaintiff's apparent inability to produce a written document explicitly granting them the right to license the Event in question is odd, a reasonable jury could nonetheless conclude that Plaintiff had the exclusive right to license the Canelo v. Smith boxing Event. Taken together, the Master Services Agreement and attachments, Plaintiff's "Rate Card" for the Alvarez v. Smith Championship Fight, the admissible portions of Mr. Gagliardi's declaration, and the email exchanges between Mr. Gagliardi and representatives of DAZN could support a reasonable inference that both G&G and DAZN understood their agreement as providing

---

[3] While the portions of Mr. Riley's declaration pertaining to whether the Event in question is covered by the MSA may not be admissible because of lack of personal knowledge, the Court found that Mr. Riley's declaration was admissible to show the lack of any record of payment by Defendants to Plaintiff to license the Event.

G&G the exclusive right to license this Event. The Court therefore **DENIES** Defendants' Renewed Motion for Summary Judgment.

The Court will issue a Notice to parties setting a new date for trial.

**IT IS SO ORDERED.**

Signed at Houston, Texas on February 11, 2026.

_____
Keith P. Ellison
United States District Judge